# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*11:23 am, Nov 28, 2025*
**JEFFREY P. COLWELL, CLERK**

**Ana Noriega,**

Plaintiff,

v.

**Griffis Blessing.,**

**656 Market Street, LLC,**

**and 687 24 5 Road, LLC,**

Defendants.


**Civil Action No.:** (To be assigned)

---

## COMPLAINT FOR:

- Fair Housing Act Discrimination & Retaliation

- Failure to Accommodate Disability

- Domestic Violence Housing Protections (VAWA)

- Retaliation & Interference with Civil Rights

- State Law Claims (Quiet Enjoyment, Harassment)

---

## I. JURISDICTION & VENUE

1. I bring this action under the Fair Housing Act, **42 U.S.C. §§ 3601–3619**, and the Violence Against Women Act, **34 U.S.C. § 12491**.

2. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343**.

3. Venue is proper under **28 U.S.C. § 1391(b)** because Defendants conduct business in Colorado and the events giving rise to these claims occurred in this District.

## II. PARTIES

4. I am **Ana Noriega**, a resident of Grand Junction, Colorado.

5. Defendant **Griffis Blessing, Inc.** is a property management company operating in Colorado. Headquarters located 102 N. Cascade Ave Ste 550, Colorado Springs, CO 80903-1409. Registered agent is currently unknown to me.

6. Defendant **656 Market Street, LLC** is a property owner affiliated with Griffis Blessing. Registered agent believed to be 656 Market Street, LLC with mailing address of 312 Aspen Airport Business Ctr Ste D, Aspen, CO 81611.

7. Defendant **687 24 ½ Road, LLC** is the owner of my current residence. Registered agent believed to be Christopher Montgomery, with mailing address of, PO Box 770740, Steamboat Springs, CO 80487.

8. At all relevant times, Defendants acted jointly and through common management, staff, and legal counsel.

### III. FACTUAL ALLEGATIONS

9.  I am a tenant with a documented history of **disability**, including **PTSD, anxiety, and depression**.

10. I am also a **survivor of domestic violence**, a status disclosed to Defendants and protected under federal and Colorado law.

11. Beginning in **December 2024 and January 2025**, I submitted multiple written **requests for reasonable accommodation**, including transfer to a safer unit and relief from enforcement pressure due to my disability and DV-related safety concerns.

12. Defendants **ignored those accommodation requests entirely**.

13. After I filed civil rights and fair housing complaints, Defendants began a pattern of **retaliation**, including:

- Issuing rent demands after previously agreeing to pause enforcement,

- Proposing that I vacate my home instead of granting accommodations,

- Targeted unannounced visits and intimidation,

- Selectively denying accommodations necessary for stabilization.

14. On or about **November 2025**, Defendants' agents **attempted entry into my dwelling without consent**, despite my express refusal and the existence of a pending accommodation request.

15. This conduct triggered severe panic, re-traumatization, and medical destabilization.

16. Defendants have continued to **deny my core accommodations**, while selectively approving only minor requests unrelated to the harm being caused.

17. Defendants' repeated proposals that I vacate my home constitute **constructive eviction and unlawful retaliation**.

18. I made **multiple good-faith attempts to resolve this matter prior to filing suit**, all of which were rejected.

19. Defendants' actions have **interfered with my housing rights, worsened my disabilities, and placed me in constant fear of displacement**.

---

## IV. CLAIMS FOR RELIEF

### Claim 1 – Fair Housing Act Discrimination & Failure to Accommodate

(42 U.S.C. § 3604(f))

20. Defendants refused to grant reasonable accommodations necessary for me to use and enjoy my home.

21. Defendants failed to engage in the interactive process required by federal law.

### Claim 2 – Fair Housing Act Retaliation & Interference

(42 U.S.C. § 3617)

22. Defendants retaliated against me for engaging in protected activity.

23. Defendants used threats, enforcement actions, and pressure to vacate to interfere with my civil rights.

### Claim 3 – Violence Against Women Act Housing Protections

(34 U.S.C. § 12491)

24. Defendants denied housing stability and safety-based protections to me as a domestic-violence survivor.

25. Defendants' conduct re-traumatized and endangered me.

**Claim 4 – Breach of Quiet Enjoyment & Harassment (State Law)**

26. Defendants' surveillance, harassment, and entry attempts breached my right to quiet enjoyment under Colorado law.

## V. INJUNCTIVE & EQUITABLE RELIEF

27. I face **immediate and irreparable harm** absent court intervention.

28. Defendants continue to threaten enforcement, harassment, and displacement.

29. Monetary damages alone are insufficient to protect my safety and civil rights.

## VI. PRAYER FOR RELIEF

I respectfully request that the Court:

A. Declare Defendants' conduct unlawful;

B. Issue a **Temporary Restraining Order and Preliminary Injunction** prohibiting Defendants from:

- Any retaliatory or adverse housing action,

- Any enforcement, harassment, or intimidation,

- Any interference with my tenancy during this litigation;

C. Order Defendants to engage in the interactive accommodation process in good faith;

D. Award compensatory, statutory, and punitive damages **in an amount to be determined at trial**;

E. Award reasonable attorney's fees and costs under **42 U.S.C. § 3613(c)**;

F. Grant all other relief the Court deems just and proper.

---

## VII. JURY DEMAND

I demand a trial by jury on all issues so triable.

---

Respectfully submitted,

**/s/ Ana Noriega**

Ana Noriega, Pro Se

687 24 ½ Rd, Unit 85

Grand Junction, Colorado, 81505

Phone: (970) 260-6802

Email: anoriega323@gmail.com